In re the Petition for DISCIPLINARY ACTION AGAINST Patrick A. FARRELL, an Attorney at Law of the State of Minnesota.

No. C2-91-772.

Supreme Court of Minnesota.

Oct. 9, 1991.

### ORDER

On May 6, 1991, the Director of the Lawyers Professional Responsibility Board filed a petition with this Court alleging that the respondent Patrick A. Farrell has committed professional misconduct warranting public discipline. Thereafter, on May 8, 1991, respondent filed an answer to the Director's petition, admitting the alleged facts and rule violations contained in several of the counts of the petition. The factual allegations and rule violations to which respondent admits include the following: respondent misappropriated and mishandled law firm funds by depositing a retainer into his personal account, by secretly receiving and withholding a client's fee payment which was due and owing the law firm, and by failing to pay a portion of settlement proceeds entrusted to respondent to a party to whom such payment was owing, then paying the party the amount due out of law firm funds; respondent neglected a guardianship matter entrusted to him; and respondent neglected an estate matter entrusted to him, failing to safeguard property of the estate and paying non-priority claims against the estate from law firm funds.

On September 13, 1991, this matter came on for hearing before the referee. At the referee hearing, respondent and the Director submitted a stipulation for discipline to the referee. In the stipulation, respondent, his counsel and the Director agreed that respondent had committed violations of the Minnesota Code of Professional Responsibility and that respondent was psychologically disabled, and recommended that this court transfer respondent to disability inactive status. Although the Director and respondent do not agree on whether there is clear and convincing evidence that all of respondent's misconduct was caused by a serious mental or psychological disability, they do agree that respondent has been suffering from major depression, characterized by repeated suicide attempts, since at least August of 1989. The parties advise this court that respondent became disabled and ceased practicing law in September of 1989. After requesting and receiving an additional affidavit of respondent regarding respondent's recent hospitalization, the referee joined in the parties' recommendation that this court transfer respondent to disability inactive status.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, the stipulation of the parties, and the findings of fact, conclusions of law and recommendation of the referee NOW ORDERS:

1. That the respondent, Patrick A. Farrell, hereby is transferred to disability inactive status, pursuant to Rule 28(e) of the Rules on Lawyers Professional Responsibility.

2. That respondent shall not petition this court for reinstatement before one year has passed from the date of this order.

3. That any reinstatement shall be conditioned on a showing by respondent, by clear and convincing evidence, that respondent has overcome any physical, mental or psychological disability which would prevent him from practicing law competently and ethically, that respondent has recognized his past misconduct and taken steps to see that it will not recur, and that respondent has the professional competence to return to practice. This court shall consider respondent's misconduct, as admitted in the stipulation and in respondent's answer to the Director's petition, if and when respondent seeks reinstatement.